UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TOM J. DAVIES, ) | CASE NO. 1:09 CV 299 |
| ) | |
| Petitioner, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ASHTABULA COUNTY ) | AND ORDER |
| CHILDREN SERVICES BOARD, ) | |
| ) | |
| Respondant. ) | |

On February 9, 2009, pro se petitioner Tom Davies filed a "Notice of Petition and Verified Petition For Warrant of Removal" on a dependency action pending in the Ashtabula County Juvenile Court.  Plaintiff alleges the Juvenile Court and Magistrate have issued rulings which were not fair to him.  He seeks removal of the action to this court.

**Background**

A complaint for protective supervision of petitioner's minor children, C.R.D. and S.R.D. was filed by the Ashtabula County Children Services Board ("ACCSB") on October 22, 2008.  The location of the children's biological mother is unknown.  Although her last know address is in Florida, it is believed she is residing in Indiana.  Mr. Davies is the primary custodian of the children.  ACCSB claimed the children were dependent due to their truancy from school. C.R.D. is enrolled in school but had not attended classes for several weeks.  S.R.D. was

participating in an internet educational program. There was also concern about the children's living arrangements. Mr. Davies obtained housing through the North Coast Center and moved in after ACCSB had the electricity turned on. It appears Mr. Davies was staying there during the day and sleeping at his sister's house at night. His sister was in the process of evicting him. Juvenile Court Judge Charles G. Hague approved the petition. The children were permitted to stay in the home, and a case plan was established with ACCSB.

A hearing was held before Magistrate Edith Hough on January 14, 2009. In her decision, Magistrate Hough stated that ACCBS was "requesting temporary custody, or in the alternative, legal custody to a relative." Mr. Davies claims ACCBS did not make this request and refers to a recent agency review in which the case worker found significant improvement. He also objected to the case plan, saying it was no longer necessary. He filed Objections to the Magistrate's Report on January 26, 2009. He filed his Petition for Removal ten days later on February 9, 2009.

## Analysis

Title 28 U.S.C. § 1441, which governs civil actions removable from state court, provides that such removal may occur only when a federal court has original jurisdiction over the matter and a defendant in the action seeks removal. Neither of these factors is present. First, the court notes that this is a dependency action in juvenile court. The case caption lists only the names of the children. Although Mr. Davies is clearly an interested party, he is not a defendant in the action. Only the defendant can seek removal. Moreover, this Court does not have original jurisdiction over the action. A juvenile abuse, neglect, or dependency action is a matter wholly of state law. The Complaint for Protective Supervision filed by ACCSB on October 22, 2008 does not contain a federal question and it is clear that diversity jurisdiction is not present. Mr. Davies's attempt to assert a federal question in the Notice of Removal is insufficient to establish original

jurisdiction over the pleading in federal court.

Even if Mr. Davies could overcome the problems set forth above, his removal attempt would be untimely. A notice of removal must be filed within 30 days after a defendant's receipt of a copy of the initial pleading or within 30 days after service of summons upon the defendant if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter. 28 U.S.C. § 1446(b). While the date of service of the complaint is unknown, it is clear that the juvenile court proceedings were initiated on October 22, 2008. Mr. Davies signed the case plan on November 7, 2008, indicating he'd been served with notice some time before that date. The removal was filed on February 9, 2009. By then, the time for filing a removal of the action had expired. There is simply no basis for the removal of Case No. 08JC68 from the Ashtabula County Court of Common Pleas to the federal court.

## Conclusion

Accordingly, this action is remanded to the Ashtabula County Juvenile Court. Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: March 19, 2009              s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3